JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA ZARICHNY

## DEFENDANTS
COMPLETE PAYMENT RECOVERY SERVICES, INC., FIDELITY NATIONAL INFORMATION SERVICES, DOES 1 ■

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Jacksonville, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | Slander | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
6/4/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 601 Riverside Avenue Jacksonville, FL 32204

Place of Accident, Incident or Transaction: Philadelphia County/Montgomery County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Eric Rayz, Esq., counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

**DATE:** 6/3/14          Attorney-at-Law          87976
Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 6/3/14          Attorney-at-Law          87976
Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ZARICHNY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMPLETE PAYMENT RECOVERY SERVICES, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| _6/3/14_ | _[signature]_ | _Plaintiff_ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _(215) 364-5030_ | _(215) 364-5029_ | _erayz@kalraylaw.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANDRA ZARICHNY<br><br>            PLAINTIFF(S)<br><br>    v.<br><br>COMPLETE PAYMENT RECOVERY SERVICES,<br>INC. d/b/a CPRS d/b/a www.paymentpost.com;<br>FIDELITY NATIONAL INFORMATION SERVICES<br>d/b/a FIS d/b/a www.paymentpost.com; and DOES<br>1 through 10, inclusive,<br><br>            DEFENDANT(S) | <br><br><br><br><br><br><br>Civil Action No. _____ |

Plaintiff Sandra Zarichny ("Zarichny" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## I.        INTRODUCTION

1.        This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et al., (hereinafter "TCPA").

2.        In effectuating the FDCPA and the TCPA, Congress sought to limit the tactics a debt collector could use.  In particular, Congress sought to eliminate the wholesale use of robo-calling devices to harass, embarrass and berate debtors into paying outstanding debts owed.

3.        Despite these plain truths, Defendants (defined herein) used inappropriate tactics to collect on a non-existing debt of Plaintiff.  Importantly, and as explained more fully below, Plaintiff and the members of the classes she seeks to represent had no prior business relationship with any of the Defendants.

4.        Upon information and belief, Defendants use these very same tactics across the country against hundreds, if not thousands, of individuals who, not withstanding Defendants' actions, otherwise fall within the ambit of the protections of the FDCPA and TCPA.

5.        Absent this action, Defendants' inappropriate tactics would continue unabated.

## II.        THE PARTIES

6.        Plaintiff SANDRA ZARICHNY is an adult individual and citizen of the Commonwealth of

Pennsylvania.  She resides in Huntingdon Valley, PA.

7.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

8.      Defendant COMPLETE PAYMENT RECOVERY SERVICES, INC. d/b/a CPRS d/b/a www.paymentpost.com (hereinafter, individually, "CPRS"), is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.   Upon information and belief, Defendant's principal place of business is located at 601 Riverside Avenue Jacksonville, FL 32204.

9.      Defendants FIDELITY NATIONAL INFORMATION SERVICES d/b/a FIS d/b/a www.paymentpost.com (hereinafter, individually, "FIS"), is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.   Upon information and belief, Defendant's principal place of business is located at 601 Riverside Avenue Jacksonville, FL 32204.

10.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each Defendant.

12.     At all times material hereto, Defendants acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendants.

### III.      JURISDICTION AND VENUE

13.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

14.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

a.      Plaintiff is a resident of the Eastern District of Pennsylvania and Defendants'
wrongful conduct was directed to and was undertaken within the territory of the
Eastern District of Pennsylvania; and

b.      Defendant conducts a substantial portion of its business in the Eastern District of
Pennsylvania.

**CLASS ACTION ALLEGATIONS**

15.      Plaintiff brings this action on behalf of herself and two classes of similarly-situated
individuals pursuant to Fed.R.Civ.P. 23.

16.      First, Plaintiff brings this action as a nationwide class action for Defendants' violations of
the FDCPA (hereinafter "the FDCPA Class") on behalf of the following two sub-class of individuals:

a.      All natural persons in the United States, who received one or more telephone
calls from Defendants to whom Defendants did not send a written notice
pursuant to 15 U.S.C. § 1692g; and

b.      All natural persons in the United States, who received a Message (as defined
herein) from Defendants.

17.      Plaintiff also brings this action as a nationwide class action for Defendants' violations of
the TCPA on behalf of the following class of individuals: All natural persons in the United States, who
received one or more telephone calls from Defendants on the individual's cellular telephone that was
initiated using an automatic telephone dialing system (hereinafter "the TCPA Class").

18.      The number of individuals in the FDCPA Class and the TCPA Class (hereinafter,
collectively, "Classes") is so numerous that joinder of all members is impracticable.  The exact number of
members of in the Classes can be determined by reviewing Defendants' records.  Plaintiff is informed and
believes and thereon alleges that there are over a hundred individuals in each of the defined Classes.

19.      Plaintiff will fairly and adequately protect the interests of the Classes, and has retained
counsel that is experienced and competent in class action and employment litigation.  Plaintiff has no
interests that are contrary to, or in conflict with, members of the Classes.

20.      A class action suit, such as the instant one, is superior to other available means for fair
and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes

3

may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

21.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Further, absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA and TCPA.  In addition, Defendants are likely to continue to violate this statute.

22.     Furthermore, even if any member of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

23.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

> a.      Whether Defendants sent written notice pursuant to 15 U.S.C. § 1692g after initial telephone contact with Plaintiff and FDCPA Class members;
>
> b.      Whether Defendants continued to call Plaintiff and TCPA Class members on their cellular telephones;
>
> c.      Whether Defendants violated the TCPA by calling TCPA Class members' cellular telephones using an automatic telephone dialing system; and
>
> d.      Whether Plaintiff and the members of the Classes have sustained damages and, if so, the proper measure of damages.

24.     Plaintiff's claims are typical of the claims of members of the Classes.  Plaintiff and members of the Classes have sustained damages arising out the same wrongful and uniform practices of Defendants.

25.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### IV.   STATEMENT OF CLAIMS

**Defendants Are Debt Collectors**

26.     According to its corporate website, FIS "is the world's largest global provider dedicated to banking and payment technologies."  See www.fisglobal.com/aboutfis, last visited on April 6, 2014.

27.     In November of 2013, FIS described CPRS as "a wholly owned subsidiary of FIS" and "a fully licensed and letter-compliant debt collection company in all 50 states."     See http://www.fisglobal.com/services-globalcommercialservices-cprs, last visited November 13, 2013.

28.     More recently, while seeking to solicit additional business revenue for its so-called "Payment Recovery Services," in brochures publicly available on its website, www.fisglobal.com, FIS touted CPRS as "a fully licensed, letter-compliant debt collection agency that can collect any debt, in any capacity and on any platform."   A set of true and correct copies of these brochures are marked and attached hereto as Exhibits "A" and "B," respectively.

29.     Upon information and belief, FIS has registered and operated a website under the domain name www.paymentpost.com, which served as an internet portal for CPRS to accept payments for consumers' delinquent debts.

30.     Defendants use instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

31.     Consequently, Defendants are "debt collectors," as that term is defined and/or contemplated within the scope of FDCPA.

32.     Upon information and belief, Defendants operate their debt collection enterprise from the same business address.

33.     As set forth below, upon information and belief, Defendants have a business practice whereby they initiate contact with individuals for purposes of debt collection where they have no prior business relationship with the individuals.

**Defendants' Inappropriate Attempts To Collect Against Plaintiff**

34.     Plaintiff is a college student and has maintained the same permanent residence address for more than a decade.

35.     To assist in her academic studies, on occasion, Plaintiff "rented" course books from her college.  This rental was accomplished by Plaintiff paying a sum certain for a particular course book, but agreeing to return the course book at the conclusion of the course.

36.     The rental of course books is a growing trend on college campuses across America, helping in part to lower the overall out-of-pocket expenditure a student faces each semester.

37.     In June of 2013, Plaintiff began receiving phone calls on her cellular phone from a phone number that was previously unknown to her – (800) 873-5869.  Importantly, these phone calls appear to have been initiated by an automatic telephone dialing system.

38.     The first phone call was made on June 13, 2013, at 7:20 p.m.

39.     The next phone call was made on June 21, 2013, at 10:04 a.m.

40.     The next phone call was made on June 26, 2013, at 1:37 p.m.

41.     The next phone call was made on Saturday, June 29, 2013, at 2:50 p.m.

42.     Plaintiff answered the phone when these calls were made and each time she heard what appeared to be the same, pre-recorded message that referenced collection of a debt unfamiliar to Plaintiff.

43.     At the time Plaintiff received these calls, Plaintiff did not have any debt and she was unsure why she was receiving the calls.

44.     Plaintiff did not receive any voice messages following these phone calls.

45.     During the Fourth of July Weekend festivities, on Friday, July 5, 2013, Plaintiff received another phone call from (800) 873-5869 and a subsequent voice message, which stated the following:

> Hello!  This message is for Sandra Zarichny.  If you are not this person, please either hang up or call us at 1 (866) 838-6102 to remove your phone number.  If you are this person, please continue to listen to this message.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please call Complete Payment Recovery Services at 1 (800) 873-5869.  Again, please call Complete Payment Recovery Services at 1 (800) 873-5869.  Thank you for returning our call.

46.     Upon information and belief, the aforementioned message, or a message that is substantially similar in content, (hereinafter "Message") was left upon hundreds (if not thousands) of individuals' phones, answering machines, and/or other answering machine devices.

6

47.     The Message at issue did not instruct Plaintiff – who was the person to whom the message was addressed to – how to remove her phone number from the call list under the circumstances.

48.     Moreover, the Message did not instruct Plaintiff, who was certain that she did not owe any money to anyone, what to do to if she thought she was receiving these calls in error.

49.     Indeed, Plaintiff felt that, by calling the provided phone number, she would be acknowledging that she owed the debt referenced in the voice mail.

50.     Plaintiff did not call CPRS at that time, as she was sure that she had no debt and that the phone calls were made in error.

51.     However, Plaintiff received another phone call on July 15, 2013, at 4:06 p.m., from the same phone number – (800) 873-5869.

52.     The phone calls from the phone number "(800) 873-5869" continued through October of 2013 and were made to Plaintiff's cellular phone on the following occasions:

   a.  October 9, 2013, at 8:58 a.m.;

   b.  October 16, 2013, at 9:20 a.m.;

   c.  November 7, 2013, at 8:36 a.m.; and

   d.  November 18, 2013, at 10:21 a.m.

53.     This series of phone calls were especially inconvenient to Plaintiff, because they were made either immediately before her classes would begin or during her morning class hours.

54.     The next phone call was made on Saturday, November 23, 2013, at 12:38 p.m.

55.     Again, Plaintiff answered the phone when these calls were made and each time she heard what appeared to be the same, pre-recorded Message that referenced collection of some unknown debt.

56.     Plaintiff did not receive any voice messages following these additional phone calls.

57.     Frustrated, on or about November 26, 2013, Plaintiff called (800) 873-5869 to determine why she was receiving calls from this phone number.

58.     During a telephonic conversation with an unknown female, Plaintiff was told that she owed money for two college course books that she "rented," but did not return.  Plaintiff was also told that

the debt at issue was in default.

59.     Plaintiff immediately disputed the fact that she owed any money, because she specifically remembered returning all of her "rented" course books.

60.     Plaintiff believes and, therefore, avers that (800) 873-5869 is a phone number used by Defendants in their debt collection enterprise.

61.     Before she began to receive phone calls from (800) 873-5869, Plaintiff had no contact or any interactions with the Defendants.  Indeed, Plaintiff had no prior business relationship with any of the Defendants.

62.     Plaintiff also has never received any correspondence or other written communications from Defendants, identifying the amount of the alleged debt, the name of the original creditor, or the requisite validation notice.

63.     Upon information and belief, Plaintiff's interaction with Defendants is typical of Defendants' business operations regarding debt collection.

**Defendants' Violations of the TCPA At Issue**

64.     At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

65.     Defendants initiated multiple telephone calls to Plaintiff and TCPA Class members' cellular telephone lines using an automatic telephone dialing system.

66.     Indeed, each time Plaintiff received a phone call from Defendants she heard what appeared to be the same, quickly spoken, and pre-recorded message that referenced collection of a debt.

67.     No exemption applies to Defendants' conduct, as Plaintiff had no prior business relationship with Defendants.

68.     Accordingly, Plaintiff and members of the TCPA Class have suffered statutory damages due to Defendants' repeated and ongoing violations of the TCPA.

**Defendants' Violations of The FDCPA At Issue**

69.     Section 1692c of the FDCPA generally prohibits a debt collector from communicating with a consumer in connection with collection of any debt at any unusual time or place or a time of place known to be inconvenient to the consumer, 15 U.S.C. § 1692c(a)(2).

70.     Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including, but not limited to, "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass at any person at the called number." 15 U.S.C. § 1692d(4).

71.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including (but not limited to):

    a.     Making a false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and

    b.     Using any false representation or deceptive means to collect or attempt to collect any debt, 15 U.S.C. § 1692e(10).

72.     In addition, Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt, including (but not limited to) collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

73.     Section 1692g of the FDCPA also mandates that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

74.     Defendants violated the above-referenced provisions of the FDCPA, including (but not limited to) by:

a.     Communicating with at a time Defendants knew or should have known to be inconvenient to Plaintiff, including (but not limited to) during Plaintiff's classes, on weekends, and national holidays;

b.     Making a false representation of the character of the alleged debt; namely, that Plaintiff had an outstanding obligation that, in fact, did not exist;

c.     Leaving the Message on Plaintiff's voice mail that was confusing and/or misleading;

d.     Using false representation and deceptive means to collect or attempt to collect Plaintiff's debt;

e.     Using unfair or unconscionable means to collect or attempt to collect Plaintiff's debt; and

f.     Failing to provide Plaintiff with a written notice required under Section 1692g of the FDCPA.

75.     As described herein, Defendants' actions violated the applicable provisions of the FDCPA and the TCPA.

76.     Indeed, it is black letter law that once a debt collector initiates contact with a purported debtor (here, Plaintiff), the debt collector must send a verification letter within a statutory proscribed time that details how the purported debtor can challenge the debt.

77.     Failure to do so is a *prima facia* violation of the FDCPA.

78.     Upon information and belief, Defendants regularly do not send verification letters to purported debtors after initiating contact via its robo-call system.

79.     Accordingly, Plaintiff and members of the FDCPA Class have suffered statutory damages due to Defendants' repeated and ongoing violations of the FDCPA.

80.     Defendants' conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

81.     Defendants' conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

82.     Plaintiff and members of the Classes  have been (and will continue to be) financially damagedharmed due to Defendants' conduct, as set forth herein.

83.     Plaintiff, and the Classes she seeks to represent, has suffered, and will continue to suffer damages due to Defendants' conduct, including violations of the FDCPA and TCPA, as set forth herein.

**COUNT I**
**FDCPA**

84.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

85.     An attempt to collect upon a debt incident to enrollment in an educational institution falls within the scope of the FDCPA.  See Kort, et al. v. Diversified Collection Services, Inc., 394 F.3d 531 (7th Cir. 2005); Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260 (9th Cir. 1996).

86.     As described herein, the actions of the Defendant(s) violate the applicable provisions of the FDCPA.

**COUNT II**
**TCPA**

87.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

88.     At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing systems," as defined by 47 U.S.C. § 227(a)(1).

89.     Defendants initiated multiple telephone calls to Plaintiff and TCPA Class members' cellular telephone lines using an automatic telephone dialing system.  47 U.S.C. § 227(b)(1)(A)(iii). These calls were made after Plaintiff and TCPA Class members even though said individuals had no prior business relationship with Defendants.

90.     Accordingly, no exemption applies to Defendants' conduct.

91.     The acts and or omissions of Defendants were done willfully and knowingly, absent bona fide error, lawful right, legal defense, justification, or legal excuse.

92.     In relevant part, the TCPA provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an        appropriate court of that State—
>
> (A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

93.     As a result of the above violations of the TCPA, Defendants are liable to Plaintiff and the members of the TCPA Class in the sum of statutory damages, actual damages, and treble damages.

## V.      CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)     A Declaration that Defendants have violated the applicable provisions of the FDCPA;

(b)     A Declaration that Defendants have violated the applicable provisions of the TCPA;

(c)     An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

(d)     An Order appointing Plaintiff and her counsel to represent the Classes;

(e)     An Order enjoining Defendants from any further violations of the FDCPA;

(f)     An Order enjoining Defendants from any further violations of the TCPA;

(g)     Actual damages;

(h)     Statutory damages;

(i)     Treble damages for violations of the TCPA;

(j)     Attorneys' fees and costs; and

(k)     Such other relief as the Honorable Court shall deem just and appropriate.

## VI.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: June 4, 2014                    Respectfully submitted,
                                      **KALIKHMAN & RAYZ, LLC**

                                      _____
                                      Arkady "Eric" Rayz
                                      Demetri A. Braynin
                                      1051 County Line Road, Suite "A"
                                      Huntingdon Valley, PA 19006
                                      Telephone:  (215) 364-5030
                                      Facsimile:  (215) 364-5029
                                      E-mail: erayz@kalraylaw.com
                                      E-mail: dbraynin@kalraylaw.com

                                      **CONNOLLY WELLS & GRAY, LLP**
                                      Gerald D. Wells, III
                                      Robert J. Gray
                                      2200 Renaissance Blvd., Suite 308
                                      King of Prussia, PA 19406
                                      Telephone:  (610) 822-3700
                                      Facsimile:  (610) 822-3800
                                      Email: gwells@cwg-law.com
                                      Email: rgray@cwg-law.com

                                      Counsel for Plaintiffs and the Proposed Classes

# EXHIBIT "A"



# Payment Recovery Services
## Innovative, effective and measurable collection solutions

A necessary, but frustrating, aspect of any business is accounts receivables – tracking down money owed by customers. Companies are in the business of generating profits, but delayed cash flow from late and delinquent payments impacts hiring, stifles growth and ultimately hurts revenue. Collecting on monies owed is often not a core competency and companies do not have the staff, time, resources or expertise to expend on this effort. That's why many executives outsource the task of collecting on accounts receivables as a way to manage cash flow and customer relationships while freeing employees to generate revenue.

Complete Payment Recovery Services, Inc. (CPRS) is an FIS™ company that helps businesses recover the funds owed to them by utilizing collaborative management platforms, proven strategies and agents thoroughly trained in governance, regulatory compliance and customer service. CPRS enables companies to control operational costs, leverage collections expertise and minimize compliance exposures while maintaining brand and customer loyalty.

As an agency that handles both commercial and consumer debt nationwide, CPRS takes the pain out of collections with our data, transaction and collections experience. With a long history of success in first- and third-party collections for placed and revolving debt, CPRS has become one the top 25 agencies in the nation and leverages our best practices to serve businesses of all sizes and industry sectors.

Critical to our methodology is the ability to design innovative ways to recover your assets quickly, economically and with superior customer interaction. So whether businesses are exploring outsourcing their entire collections, handing off the worst debt or gaining insight into collections best practices, CPRS can customize a solution to meet specific needs and performance requirements.

**We help you:**
- Improve cash flow
- Lower operational costs
- Manage compliance exposures
- Reduce time, effort and resources spent on collections
- Access collections expertise
- Increase productivity
- Focus on core competencies

## Standard Collection Campaigns

| Client Service Manager | Automatic and Manual Dialers | Professional and Courteous Agents | Tailored Outreach Approach | Regular Communication Updates |
|---|---|---|---|---|



© 2013 FIS and/or its subsidiaries. All Rights Reserved.

 

## Payment Recovery Services

## Service Description

CPRS, a wholly owned subsidiary of FIS, is a fully licensed and letter-compliant debt collection company in all 50 states.

Service options include:

- Commercial and consumer debt

- First- and third-party collections

- Pre- and early-out collection

Strategic processes include skip tracing, robust reporting, flexible collection strategies, secure and accurate documentation as well as many other options.

Demand Deposit Account (DDA) recovery and Xpress Redeposit are also available as optional service offerings.

## Regulation Adherence

CPRS has a reputation for setting high compliance standards and adhering to the following regulatory entities:

- Fair Debt Collections Practice Act (FDCPA)

- Fair Credit Reporting Act (FCRA)

- Gramm-Leach-Bliley Act (GLBA)

- Payment Card Industry Data Security Standards (PCI DSS)

- Health Insurance Portability and Accountability Act (HIPAA)

- Telephone Consumer Protection Act  (TCPA)

- Servicemembers Civil Relief Act (SCRA)

## Why CPRS?

CPRS is a fully licensed, letter-compliant debt collection agency that can collect any debt, in any capacity and on any platform. With more than 50 years of experience, we offer a full range of collection services to successfully recover over $500 million annually owed to our clients.

Our highly experienced team of governance, risk management, compliance and regulatory experts averages more than three years' collections experience. In addition, many are bonded and insured in compliance with the necessary state regulations.

Each call center facility possesses cutting-edge collection infrastructure that allows for both quantitative and qualitative analysis for each debt profile. Our collection system platform integrates skip tracing tools, dialers, collector notations, payment methods and collection strategies including payment plans and settlement offers, to address time-sensitive circumstances.

With a reputation for setting high compliance standards, we monitor and manage compliance with all applicable federal and state debt collection legislation. We go above and beyond to safeguard data and protect the interests of our clients and their customers.

In an industry overflowing with privately owned niche specialists, CPRS enables clients to overcome collection challenges by offering versatile, scalable and flexible solutions. We deliver a track record of excellence because we always put our clients first.

## Contact Us



Complete Payment Recovery Services, Inc.
877.336.4235
cprs@fisglobal.com
www.fisglobal.com/CPRS

## Go to www.fisglobal.com

Payment recovery services are provided by Complete Payment Recovery Services, Inc.,
a wholly owned subsidiary of Fidelity National Information Services, Inc. © 2013 FIS and/or
its subsidiaries. All Rights Reserved.



7338 0329

# EXHIBIT "B"

# Payment Recovery Services
## Innovative, effective and measurable collection solutions

A necessary but frustrating aspect of any business is accounts receivables, tracking down money owed by customers. Companies are in the business of generating profits, but delayed cash flow from late and delinquent payments impacts hiring, stifles growth and ultimately hurts revenue. Companies without the staff, time, resources or expertise to expend on this effort outsource the task of collecting on accounts receivables as a way to manage cash flow and customer relationships while freeing employees to generate revenue.

Complete Payment Recovery Services, Inc. (CPRS) is an FIS™ company that helps businesses recover the funds owed to them by utilizing collaborative management platforms, proven strategies and agents thoroughly trained in governance, regulatory compliance and customer service. CPRS enables companies to control operational costs, leverage collections expertise and minimize compliance exposures while maintaining brand and customer loyalty.

As an agency that handles both commercial and consumer debt nationwide, CPRS takes the pain out of collections with extensive data, transaction and collections experience. With a long history of success in first- and third-party collections for placed and revolving debt, CPRS has become one the top 25 agencies in the nation and leverages proven best practices to serve businesses of all sizes and industry sectors.

Critical to CPRS' methodology is its ability to design innovative ways to recover assets quickly, economically and with superior customer interaction. So whether businesses are exploring outsourcing their entire collections, handing off the worst debt or gaining insight into collections best practices; CPRS can customize a solution to meet specific needs and performance requirements.

## FIS helps you:

- Improve cash flow
- Lower operational costs
- Manage compliance exposures
- Reduce time, effort and resources spent on collections
- Access collections expertise
- Increase productivity
- Focus on core competencies

### Standard Collection Campaigns

| Client Service Manager | Automatic and Manual Dialers | Professional and Courteous Agents | Tailored Outreach Approach | Regular Communication Updates |
|---|---|---|---|---|

© 2013 FIS and/or its subsidiaries. All Rights Reserved.



## Payment Recovery Services
Innovative, effective and measurable collection solutions

## Services Description

CPRS, a wholly owned subsidiary of FIS, is a fully licensed and letter-compliant debt collection company in all 50 states.

Service includes:

- Commercial and consumer debt
- First- and third-party collections
- Pre and early-out collections

Strategic processes include skip tracing, robust reporting, flexible collection strategies, secure and accurate documentation as well as many other options.

Demand Deposit Account (DDA) recovery and Xpress Redeposit are also available as optional service offerings.

## Regulation Adherence

CPRS has a reputation for setting high compliance standards and adheres to the following regulatory entities:

- Fair Debt Collections Practice Act (FDCPA)
- Gramm-Leach-Bliley Act (GLBA)
- Payment Card Industry Data Security Standards (PCI DSS)
- Unfair, Deceptive, or Abusive Acts or Practices (UDAAP)
- Telephone Consumer Protection Act (TCPA)
- Servicemembers Civil Relief Act (SCRA)

## Why CPRS?

CPRS is a fully licensed, letter-compliant debt collection agency that can collect any debt, in any capacity and on any platform. With more than 50 years of experience, CPRS offers a full range of collection services and has successfully recovered over $500 million annually owed to its clients.

CPRS' highly experienced team of governance, risk management, compliance and regulatory experts averages more than three years collections experience. In addition, many are bonded and insured in compliance with the necessary state regulations.

Each call center facility possesses a cutting-edge collection infrastructure that allows for both quantitative and qualitative analysis for each debt profile. The collection platforms integrate skip tracing tools, dialers, collector notations, payment methods and collection strategies including payment plans and settlement offers to address time-sensitive circumstances.

With a reputation for setting high compliance standards, CPRS monitors and manages compliance with all applicable federal and state debt collection legislation; and goes above and beyond to safeguard data and protect the interests of its clients and their customers.

In an industry overflowing with privately owned niche specialists, CPRS enables clients to overcome collection challenges by offering versatile, scalable and flexible payment recovery solutions.

## Contact Us

Complete Payment Recovery Services, Inc.
877.336.4235
cprs@fisglobal.com
www.fisglobal.com/cprs



**visit www.fisglobal.com**

Payment recovery services are provided by Complete Payment Recovery Services, Inc., a wholly owned subsidiary of Fidelity National Information Services, Inc.

7542 0813