

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA ZARICHNY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case Number 2:14-cv-03197-SD |
| | : |
| COMPLETE PAYMENT RECOVERY | : |
| SERVICES, INC. d/b/a CPRS d/b/a | : |
| www.paymentpost.com; FIDELITY NATIONAL | : ELECTRONICALLY FILED |
| INFORMATION SERVICES d/b/a FIS d/b/a | : |
| www.paymentpost.com; and DOES 1 through 10, | : |
| inclusive | : |
| | : |
| Defendants. | : |

## DEFENDANTS COMPLETE PAYMENT RECOVERY SERVICES, INC. AND FIDELITY NATIONAL INFORMATION SERVICES'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND/OR STRIKE THE FIRST AMENDED COMPLAINT

Gerald E. Arth (gea48137)
Joshua Horn (jh349)
Nicholas T. Solosky (nts94114)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
jhorn@foxrothschild.com
nsolosky@foxrothschild.com

Dated: October 29, 2014           *Attorneys for Defendants*

Defendants Complete Payment Recovery Services, Inc. ("CPRS") and Fidelity National Information Services ("Fidelity") (collectively, the "Defendants") submit this Reply in further support of their Motion to Dismiss and/or Strike the First Amended Complaint of Plaintiff Sandra Zarichny ("Plaintiff"). Defendants' Reply addresses only the most egregious inaccuracies in Plaintiff's Response in Opposition ("Opposition"). Defendants continue to rely on all positions and authorities set forth in their Motion for the dismissal of the First Amended Complaint in its entirety and with prejudice.

## I. THE COURT SHOULD STRIKE PLAINTIFF'S DEFECTIVE CLASS ALLEGATIONS

### A. Plaintiff Cannot Rely on Future Revisions to Overcome Impermissible Fail-Safe Class Definitions

Plaintiff's Opposition makes no effort to address the inherent impropriety of the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA") fail-safe classes proposed in the First Amended Complaint. *See* Defendants' Motion at 9-12 (explaining that Plaintiff's putative TCPA and FDCPA classes are impermissible fail-safe classes insofar as they determine membership based on adjudication of liability). Instead, Plaintiff travels on the conclusory assertion that fail-safe class definitions are somehow acceptable because they can be "revised . . . [and] modified throughout the course of the litigation." Plaintiff's Opposition at 6. Plaintiff's reliance on future inscrutable revisions to the class definitions proposed in the First Amended Complaint does not address, much less justify, the inherent defect of fail-safe classes. Defendants' Motion at 9-10 (discussing impropriety of fail-safe classes as matter of law).

1

Plaintiff's opposition is marked by an overall failure to appreciate the true nature of the fail-safe classes, and thus to discuss that issue in any meaningful way. At the very most, Plaintiff references decisions within this Circuit denying motions concerning class definitions as premature (Plaintiff's Opposition at 6-7) – but not a single one of those cases concerns a motion to strike fail-safe class definitions.

Courts that have considered this issue have held that fail-safe classes are ripe for disposition at the pleadings stage. For example, in *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-cv-00022, 2010 WL 1978862, *1 (E.D. Ky. May 14, 2010), the defendant insurer moved to dismiss the plaintiff's class allegations on the grounds that the class definition was fail-safe. As Plaintiff does here, the plaintiff in *Kissling* claimed the motion was premature and argued that discovery and a class certification motion were required. *Id.* The *Kissling* court rightly agreed with the defendant that **"because the proposed class is a fail-safe class which is fatally flawed, the Court may dismiss the class allegations at the pleadings stage, prior to a motion for class certification."** *Id.* at *2 (emphasis added). The same result should follow here with respect to the putative TCPA and FDCPA fail-safe classes proposed in Plaintiff's First Amended Complaint.

B. **Plaintiff Is an Inadequate Class Representative**

As with the First Amended Complaint's impermissible fail-safe class definitions, the Opposition argues that Defendants attack on Plaintiff's fitness to serve as the class representative is "premature." Plaintiff's Opposition at 7. According to Plaintiff, the facts concerning her role as class representative must be "ferreted out" before the Court can assess her competency. *Id.* at 10, n. 12.

2

Yet, neither the First Amended Complaint nor Plaintiff's Opposition identifies any facts left to be ferreted out. Despite failing to mention it in two complaints, Plaintiff now admits that she is an employee of Kalikhman & Rayz, LLC, one of the firms representing Plaintiff and the putative class. *Id.* at 10. As detailed in Defendants' Motion, such a business relationship between the class representative and her attorney creates a conflict of interest that precludes Plaintiff from meeting the requirements of Fed. R. Civ. P. 23. *See* Defendants' Motion at 12-15 (discussing decisions refusing to permit business associates of class attorney from serving as class representative). Plaintiff cannot proceed as a class representative in this case.

## II.  THE COURT SHOULD DISMISS THE FIRST AMENDED COMPLAINT IN ITS ENTIRETY AND WITH PREJUDICE

### A.  All Claims Asserted Against Fidelity Must Be Dismissed for Lack of Direct or Indirect Liability

Defendants' Motion demonstrates that the First Amended Complaint must be dismissed in its entirety with respect to Fidelity for the simple reason that there are no allegations of any unlawful conduct by Fidelity. Defendants' Motion at 16-18. Plaintiff's Opposition now desperately attempts to avoid dismissal by alleging a wide variety of theories seeking to establish vicarious liability. However, Plaintiff only succeeds in reinforcing her basic lack of understanding of the legal separation between a parent corporation and its wholly-owned subsidiary.

#### 1.  Fidelity is not liable under any TCPA theory.

This Court has expressly recognized that – as a threshold matter – an entity must actually make or place a call in order to incur TCPA liability. *See* Defendants' Motion at 16-17 (citing *Anderson v. AFNI, Inc.*, No. 10-4064, 2011 WL 1808779, *9 (E.D. Pa. May 11, 2011) (Dalzell,

3

J.) (dismissing TCPA Section 227(b)(1)(A)(iii) claim because "the parties agree that [defendant] made no calls to a cellular telephone associated with [plaintiff]")). Here, it is beyond dispute that the only entity alleged to have called Plaintiff is CPRS. First Amended Complaint at ¶ 64.[1]

Plaintiff's Opposition also seeks to circumvent the absence of any actionable conduct by Fidelity under the TCPA by citing cases involving "outsource dialing" arrangements. Plaintiff's Opposition at 15. Those cases loosely stand for the proposition that a merchant or other third party can face vicarious TCPA liability to the extent that it engages another entity to make telephone calls in violation of the law. *See, e.g., id.* (citing *In re Jiffy Lube Intern., Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256-57 (S.D. Cal. 2012) (discussing merchant's TCPA liability for third party "engaged" to directly contract consumers).

Fidelity simply does not stand in the shoes of any of the entities conceivably facing liability. On its face, the First Amended Complaint asserts that Plaintiff engaged in a merchant transaction involving rented course books and then received calls on her cellular telephone from CPRS concerning collection of a debt related to that transaction. Plaintiff's Opposition at 3. Here, there is no allegation that Fidelity is either the merchant or the entity that actually called Plaintiff. Rather, according to the First Amended Complaint, Fidelity is nothing more than the parent company of CPRS. First Amended Complaint at ¶ 36. There is no basis to assert vicarious liability against Fidelity absent facts sufficiently pleaded to pierce the corporate veil. *See* Defendants' Motion at 19-24 (applying Court's veil-piercing test to this case). Plaintiff's

---

[1] Plaintiff's Opposition half-heartedly attempts to argue that merely alleging conduct by the "Defendants" is enough to overcome the Motion to Dismiss. *See* Plaintiff's Opposition at 22, n. 36. This Court, however, has consistently rejected such an approach. *See* Defendants' Motion at 15-16.

attempt to manufacture vicarious TCPA liability against Fidelity out of whole cloth must be rejected.

### 2. Fidelity is not liable under any FDCPA theory.

The Opposition's arguments with respect to Fidelity's purported FDCPA liability suffer from the same fatal flaws. Even if Plaintiff establishes that Fidelity meets the statutory definition of a "debt collector" (a conclusion that Defendants do not concede), that designation alone does not impose FDCPA liability absent unlawful debt collection practices. *See* Defendants' Motion at 17-18. Apparently aware that she cannot plausibly allege any such actionable conduct regarding Fidelity, Plaintiff resorts to vicarious liability once again.

Plaintiff's Opposition fails once more to appreciate the distinct legal separation between a parent company and its wholly-owned subsidiary. *See* Defendants' Motion at 19-24. Indeed, Plaintiff's Opposition continues to cite the same inapplicable case law relied upon in the First Amended Complaint that was already fully distinguished by Defendants. *See* Defendants' Motion at 23. Even more bizarrely, Plaintiff repeatedly seeks to rely on wholly irrelevant case law from outside this Circuit concerning the personal liability of employees engaged in debt collection activities on behalf of their employers. *See* Plaintiff's Opposition at 17-19. Plaintiff is grasping at straws.

Fidelity – as the parent company of CPRS – is not alleged to have any direct involvement in attempting to collect a debt from Plaintiff, and the First Amended Complaint does not provide any plausible basis to assert vicarious liability. All claims against Fidelity must therefore be dismissed in their entirety.

### B. All TCPA Claims in the First Amended Complaint Must Be Dismissed With Prejudice

Defendants' Motion demonstrates that Plaintiff's TCPA claims against both Fidelity and CPRS must be dismissed in their entirety because, among other things, Plaintiff fails to plead that she did not consent to receive debt collection calls. Defendants' Motion at 24-26. Plaintiff's Opposition – apparently recognizing this gaping hole – feebly attempts to argue that the First Amended Complaint adequately alleges that Plaintiff did not provide her express consent to be called to either Fidelity or CPRS. Plaintiff's Opposition at 21. Plaintiff's argument is premised on a patent failure to understand the law.

According to the FCC, prior consent under the TCPA refers to the consent provided by a consumer to the *creditor – not* a third-party debt collector such as CPRS. Defendants' Motion at 24-25. Thus, "consent" in the context of the TCPA relates to the underlying merchant transaction resulting in the debt owed. Here, that transaction is Plaintiff's agreement to rent certain textbooks and course materials from a third-party merchant. The First Amended Complaint's failure to plead any facts concerning Plaintiff's consent to be called relative to that transaction is fatal to her TCPA claims. This Court should dismiss Plaintiff's TCPA claims in full and with prejudice.

### III. CONCLUSION

For the reasons set forth above and in Defendants' Motion, this Court should dismiss and/or strike the First Amended Complaint in its entirety and with prejudice.

6

                        Respectfully submitted,

                        */s/ Gerald E. Arth*
                        Gerald E. Arth (gea48137)
                        Joshua Horn (jh349)
                        Nicholas T. Solosky (nts94114)
                        FOX ROTHSCHILD LLP
                        2000 Market Street, 20th Floor
                        Philadelphia, PA 19103
                        Phone: (215) 299-2000
                        Fax: (215) 299-2150
                        garth@foxrothschild.com
                        jhorn@foxrothschild.com
                        nsolosky@foxrothschild.com

Dated: October 29, 2014         *Attorneys for Defendants*